160 N.J. Super. 78 (1978)
388 A.2d 1298
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM ROSENBERG, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1978.
Decided June 6, 1978.
*79 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Kenneth F. Hense argued the cause for appellant (Messrs. Pecora, Irwin and Montalbano, attorneys).
Mr. John H. Stamler, Union County Prosecutor, filed a letter communication on behalf of respondent.
PER CURIAM.
Defendant was charged by Accusation with conspiracy to obtain money by false pretenses. N.J.S.A. *80 2A:98-1(f) and N.J.S.A. 2A:111-1. He applied for admission into the Union County Pretrial Intervention Program but was rejected on the recommendation of the Program Director.
Thereafter, the rejection was upheld after an R. 3:28 hearing before a county court judge. He sought leave to appeal the denial but his application for leave was rejected by this court. He then entered a guilty plea to the Accusation and was sentenced to 1 1/2 to 2 1/2 years in State Prison; that sentence was suspended, however, and he was placed on probation for a period of 3 years.
He now appeals, raising as his sole issue that the denial of his admission to the Pretrial Intervention Program was erroneous, principally because of the fact that a co-conspirator was admitted to the program and that the alleged ringleader was granted immunity by the prosecutor.
We affirm solely on the ground that defendant's knowing and intelligent guilty plea constituted "a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). The entry of the guilty plea precluded defendant from raising any nonjurisdictional claims as to deprivation of his constitutional rights before the entry of the plea. Tollett v. Henderson, 411 U.S. at 267, 93 S.Ct. 162. A fortiori, we conclude that his attack on events of a nonconstitutional dimension such as admission into a Pretrial Intervention Program, are also barred.
Affirmed.