254 N.J. Super. 300 (1992)
603 A.2d 516
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
YVETTE GONZALEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 11, 1992.
Decided February 25, 1992.
*301 Before Judges LONG, BAIME and THOMAS.
Wilfredo Caraballo, Public Defender, attorney for appellant (Paul M. Klein, Deputy Public Defender II, of counsel and on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Michael J. Williams, Deputy Attorney General, of counsel and on the letter-brief).
The opinion of the court was delivered by BAIME, J.A.D.
*302 This appeal concerns the constitutionality of N.J.S.A. 2C:35-12, which permits a court to waive a mandatory sentence only upon the approval of the prosecutor. We hold that the Legislature did not intend to circumvent the judiciary's power to protect defendants from arbitrary application of the statute. We interpret the statute as permitting judicial review of the exercise of prosecutorial discretion. So construed, we find no violation of the separation of powers doctrine.
Pursuant to an agreement with the State, defendant entered retraxit pleas of guilty to two counts of possession of heroin with intent to distribute within 1,000 feet of school property (N.J.S.A. 2C:35-7). On the date set for sentencing, defendant moved to withdraw her pleas. The matter was adjourned, but later the Law Division denied defendant's application. Defendant was sentenced to concurrent five year sentences. In accordance with the prosecutor's stipulation under N.J.S.A. 2C:35-12, defendant was ordered to serve two and one-half years without parole eligibility on each count. The remaining counts of two separate indictments were dismissed on motion of the prosecutor.
Defendant appeals, contending that (1) the Law Division abused its discretion by denying her motion to withdraw her pleas of guilty, and (2) N.J.S.A. 2C:35-12 violates the separation of powers doctrine. Although defendant's attack upon the constitutionality of N.J.S.A. 2C:35-12 requires discussion, we find no merit in her claim that her plea should have been vacated. R. 2:11-3(e)(2).
We need not recount the facts at length. Suffice it to say, the Law Division judge meticulously adhered to the requirements of R. 3:9-2 in accepting defendant's plea of guilty. At the plea proceedings, defendant candidly acknowledged her guilt of the crimes charged. She was questioned exhaustively concerning her understanding of the terms of the plea agreement. The Law Division judge accepted defendant's plea only *303 after satisfying himself that her decision not to contest the charges was made voluntarily and with knowledge of her alternatives and options. See State v. McCoy, 222 N.J. Super. 626, 629, 537 A.2d 787 (App.Div. 1988), aff'd, 116 N.J. 293, 561 A.2d 582 (1989).
Against this backdrop, we are entirely satisfied that the court did not abuse its discretion when it denied defendant's motion to withdraw her guilty pleas. A guilty plea voluntarily entered should not generally be vacated in the absence of some plausible showing of a valid defense against the charges. State v. Huntley, 129 N.J. Super. 13, 17, 322 A.2d 177 (App. Div.), certif. denied, 66 N.J. 312, 331 A.2d 12 (1974). This principle has particular efficacy where the plea has been entered pursuant to an agreement with the State. Id. at 18, 322 A.2d 177; see also State v. Thomas, 61 N.J. 314, 322, 294 A.2d 57 (1972); State v. Rodriguez, 179 N.J. Super. 129, 136, 430 A.2d 957 (App.Div. 1981). All plea agreement jurisprudence "recognizes the important interest" of finality. State v. Smullen, 118 N.J. 408, 416, 571 A.2d 1305 (1990). Although the significance of that policy diminishes somewhat when the motion to withdraw is made before sentencing, "the measure of what constitutes fair and just reason for withdrawal must be reposed in the sound confidence of the court." Id. at 417, 571 A.2d 1305. Here, we are satisfied that defendant's motion was based upon a whimsical change of mind, not a realistic appraisal of a defense somehow forgotten or missed at the time of the guilty plea. We find no sound basis to disturb the Law Division's exercise of its discretionary powers.
We now turn to defendant's separation of powers argument. In reaching this contention, we acknowledge that a guilty plea generally constitutes a waiver of all issues which were or could have been addressed by the trial judge before its entry. See State v. Truglia, 97 N.J. 513, 522-24, 480 A.2d 912 (1984); State v. Alevras, 213 N.J. Super. 331, 339-40, 517 A.2d 460 (App.Div. 1986); State v. Rosenberg, 160 N.J. Super. 78, 80, *304 388 A.2d 1298 (App.Div.), certif. denied, 78 N.J. 332, 395 A.2d 201 (1978). Under our rules, a defendant may plead guilty while preserving an issue for appellate review only with the "approval of the court and the consent of the prosecuting attorney." R. 3:9-3(f). See State v. Robinson, 224 N.J. Super. 495, 499, 540 A.2d 1313 (App.Div. 1988).
We address this point, however, because it relates in part to sentencing, notwithstanding the specifics of the plea agreement. State v. Santiago, 253 N.J. Super. 197, 200, 601 A.2d 714, 716 (App.Div. 1991). Further, it would be unfair under the circumstances presented to require defendant to forego the benefit of the plea agreement in order to raise this important question. Strict adherence to the requirements of R. 3:9-3(f) "would result in an injustice." R. 1:1-2.
We begin with the operative language of the applicable statutes. N.J.S.A. 2C:35-7 provides in pertinent part:
Any person who violates subsection a. of N.J.S. 2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall, except as provided in N.J.S. 2C:35-12, be sentenced by the court to a term of imprisonment. Where the violation involves less than one ounce of marijuana, the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or one year, whichever is greater, during which the defendant shall be ineligible for parole. In all other cases, the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which the defendant shall be ineligible for parole. Notwithstanding the provisions of subsection b. of N.J.S. 2C:43-3, a fine of up to $100,000.00 may also be imposed upon any conviction for a violation of this section.
N.J.S.A. 2C:35-12 reads:
Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, or a mandatory extended term which includes a period of parole ineligibility, the court upon conviction shall impose the mandatory sentence unless the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have *305 entered into a post-conviction agreement, which provides for a lesser sentence or period of parole ineligibility. The negotiated plea or post-conviction agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, a specified period of parole ineligibility, a specified fine, or other disposition. In that event, the court at sentencing shall not impose a lesser term of imprisonment, period of parole ineligibility or fine than that expressly provided for under the terms of the plea or post-conviction agreement.
These sections were enacted as part of the Comprehensive Drug Reform Act of 1986 (N.J.S.A. 2C:35-1 through :36-9). The articulated objective of the statutory scheme was to impose "a uniform, consistent and predictable sentence for a given offense," thereby providing a "rational deterrent ... designed ultimately to reduce the incidence of crime." N.J.S.A. 2C:35-1.1a. By enacting N.J.S.A. 2C:35-7, the legislative design was "to afford special protection to children from the perils of drug trafficking [and] to ensure that all schools and [adjacent] areas ... are kept free from drug distribution activities." N.J.S.A. 2C:35-1.1c. To effectuate this policy, the Act "includes many mandatory penalties." John M. Cannel, New Jersey Criminal Code Annotated, Comment to N.J.S.A. 2C:35-12 (1992). See also N.J.S.A. 2C:35-12; N.J.S.A. 2C:35-14. However, the Legislature clearly wished to accord some flexibility and thus allowed for plea bargaining and post-verdict negotiations. John M. Cannel, New Jersey Criminal Code Annotated, Comment to N.J.S.A. 2C:35-12 (1992).
N.J.S.A. 2C:35-7 provides for a mandatory sentence and period of parole ineligibility for distribution type offenses that occur near school property. N.J.S.A. 2C:35-12 permits a sentencing judge to relax that requirement, but only where there has been a plea agreement or a post-verdict agreement between the prosecutor and the defendant. At issue is whether the juxtaposition of these sections deprives the judiciary of its sentencing powers and whether the statutes unlawfully delegate the sentencing responsibility to the executive branch. Questions concerning the reach of those statutes have been raised in a variety of contexts. See, e.g., State v. Sepulveda, *306 253 N.J. Super. 447, 602 A.2d 273 (App.Div. 1992); State v. Shaw, 253 N.J. Super. 187, 601 A.2d 709 (App.Div. 1991); State v. Vasquez, 250 N.J. Super. 457, 595 A.2d 520 (App.Div. 1991), certif. granted, 126 N.J. 389, 599 A.2d 165 (1991); State v. Wearing, 249 N.J. Super. 18, 26, 591 A.2d 1350 (App.Div. 1991); State v. Alvarez, 246 N.J. Super. 137, 143-45, 586 A.2d 1332 (App.Div. 1991); State v. Cengiz, 241 N.J. Super. 482, 487-88, 575 A.2d 504 (App.Div.), certif. denied, 122 N.J. 402, 585 A.2d 400 (1990); State v. Ramirez, 241 N.J. Super. 372, 380, 575 A.2d 45 (App.Div. 1990); State v. Todd, 238 N.J. Super. 445, 460-62, 570 A.2d 20 (App.Div. 1990); State v. Brown, 227 N.J. Super. 429, 439-41, 547 A.2d 743 (Law Div. 1988); State v. Morales, 224 N.J. Super. 72, 85-88, 539 A.2d 769 (Law Div. 1987). Similar issues have received uneven treatment in other jurisdictions. Compare United States v. Huerta, 878 F.2d 89 (2d Cir.1989), cert. denied, 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); United States v. Francois, 889 F.2d 1341 (4th Cir.1989), cert. denied, 494 U.S. 1085, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990); United States v. Musser, 856 F.2d 1484 (11th Cir.1988), cert. denied, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989); United States v. Severich, 676 F. Supp. 1209 (S.D.Fla. 1988), aff'd, 872 F.2d 434 (11th Cir.1989); Eldridge v. State, 418 So.2d 203 (Ala. Crim. App. 1982); People v. Sanders, 185 Colo. 153, 522 P.2d 735 (1974); State v. Benitez, 395 So.2d 514 (Fla. 1981); People v. Eason, 40 N.Y.2d 297, 386 N.Y.S.2d 673, 353 N.E.2d 587 (1976); Billis v. State, 800 P.2d 401 (Wyo. 1990) with State v. Prentiss, 163 Ariz. 81, 786 P.2d 932 (1989); State v. Dykes, 163 Ariz. 581, 789 P.2d 1082 (App. 1990); State v. Jones, 142 Ariz. 302, 689 P.2d 561 (App. 1984); People v. Navarro, 7 Cal.3d 248, 102 Cal. Rptr. 137, 497 P.2d 481 (1972); Brugman v. State, 255 Ga. 407, 339 S.E.2d 244 (1986); Rhoney v. Mun. Ct. of San Mateo Cty., 194 Cal. App.3d 292, 239 Cal. Rptr. 419 (1987); State v. LeCompte, 406 So.2d 1300 (La. 1981); State v. Olson, 325 N.W.2d 13 (Minn. 1982).
In our view, the answer can be found in our Supreme Court's recent decision in State v. Lagares, 127 N.J. 20, 601 A.2d 698 *307 (1992). There, the Court was concerned with N.J.S.A. 2C:43-6f, which requires a judge to impose an extended term with a period of parole ineligibility for a repeat drug offender. Although the sentence is mandatory under the statute, whether an extended term is imposed depends on the prosecutor because Section 6f takes effect only upon his or her application. As here, the defendant asserted the statute violated the separation of powers doctrine by delegating sentencing powers to the prosecutor, a member of the executive branch. The Court reasoned that "[a]s currently written, ... Section 6f, with its lack of any guidelines and absence of any avenue for effective judicial review, would be unconstitutional." Id. at 31, 601 A.2d 698. To cure these constitutional defects, the Court "interpret[ed] the statute to require that guidelines be adopted to assist prosecutorial decision-making with respect to applications for enhanced sentences under N.J.S.A. 2C:43-6f." Id. at 32, 601 A.2d 698. The Court requested the Attorney General, in consultation with the various county prosecutors, to adopt guidelines for use throughout the state. Id. at 32-33, 601 A.2d 698. To permit effective review of prosecutorial sentencing decisions, the Court held that prosecutors must state on the trial court record the reason for seeking an extended term. Ibid. Further, "[t]o protect against ... arbitrary action," the Court said that "an extended term may be denied or vacated" where the prosecutor's decision to seek the enhanced sentence "was an arbitrary and capricious exercise of prosecutorial discretion." Ibid. The Court emphasized the "heavy burden" on the defendant to prove that a prosecutor's decision to deny leniency constituted an arbitrary and capricious exercise of discretion. In that respect, the Court said:
Defendants will have to do more than merely make general conclusory statements that a prosecutorial determination was abusive. Instead, they must show clearly and convincingly their entitlement to relief under that standard.
Ibid.
The issue presented here is similar to that resolved in Lagares. A cogent argument can be made that a prosecutor's *308 refusal to agree upon a lesser sentence than that otherwise required by N.J.S.A. 2C:35-7 should be subject to judicial review. So too, it can fairly be said that a prosecutor's exercise of discretion in agreeing to a lesser term should be subject to judicial oversight. When, as here, an agreement has been made between the prosecutor and the defendant providing for a lesser sentence or period of parole ineligibility, the statute provides that "the court at sentencing shall not impose a lesser term of imprisonment, period of parole ineligibility or fine than that expressly provided for under the terms of the plea or post-conviction agreement." N.J.S.A. 2C:35-12. As is the case with Section 6f, N.J.S.A. 2C:35-12 vests binding sentencing power in the prosecutor. Judicial oversight, at least in terms of ferreting out arbitrary and capricious prosecutorial decisions, would seem to be mandated. See State v. Warren, 115 N.J. 433, 448, 558 A.2d 1312 (1989); State v. Cengiz, 241 N.J. Super. at 490-98, 575 A.2d 504 (Shebell, J.A.D., dissenting in part).
As noted earlier, N.J.S.A. 2C:35-12 is silent concerning the standards by which a prosecutor is to be guided in exercising the discretion permitted by N.J.S.A. 2C:35-7. It has been suggested that the Legislature intended to promote law enforcement goals by encouraging illicit drug dealers to cooperate with the police and that the prosecutor's power to waive the mandatory sentence under N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-12 was designed to serve as a strong incentive. John M. Cannel, New Jersey Criminal Code Annotated, Comment to N.J.S.A. 2C:35-12 (1992). Whether or not this is so, a prosecutor's considerations in determining whether to waive a mandatory sentence may encompass factors other than those normally attendant to sentencing decisions under N.J.S.A. 2C:44-1a and b. Broad judicial oversight powers might thus impinge upon executive law enforcement functions. Although the issues are not entirely parallel, we are of the view that the traditional "arbitrary and capricious" standard adopted in State v. Leonardis, 73 N.J. 360, 381, 375 A.2d 607 (1977) in the context of pretrial intervention, and in State v. Lagares, in conjunction *309 with Section 6f, best accommodates the competing interests of the parties, while preserving the delicate balance of powers mandated in our Constitution. Adoption of this standard also promotes uniformity in prosecutorial decision-making and sentencing.
We hold that the exercise of prosecutorial discretion under N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-12 is subject to judicial review under the arbitrary and capricious standard. In order to obtain relief, the defendant must "clearly and convincingly" show that the prosecutor's decision is arbitrary and capricious. As in Lagares, to permit effective review of prosecutorial sentencing decisions, the prosecutor should state on the record his or her reasons for either refusing to waive the mandatory term or for insisting upon a particular sentence or disposition. This obligation is triggered only where the defendant makes an initial showing of arbitrariness by "moving papers designed to convince the ... judge that [a] hearing on the issue is warranted." State v. Alvarez, 246 N.J. Super. 137, 148, 586 A.2d 1332 (App.Div. 1991). A defendant may enter into an agreement under N.J.S.A. 2C:35-12 while preserving his right to contest the prosecutor's insistence upon a particular sentence or disposition.
As we have noted, our Supreme Court has requested the Attorney General and the county prosecutors to adopt guidelines with respect to the exercise of prosecutorial discretion under Section 6f. We are convinced that guidelines and standards should also be adopted in conjunction with the prosecutor's statutory power to waive a mandatory sentence under N.J.S.A. 2C:35-12. See also N.J.S.A. 2C:35-14. We expect that many of the guidelines applicable to channeling prosecutorial discretion under Section 6f will apply with equal force with respect to decision-making under N.J.S.A. 2C:35-12. However, there may be additional plea negotiation and law enforcement considerations particularly germane to prosecutorial decisions under N.J.S.A. 2C:35-12. Therefore, we suggest that the Attorney *310 General and the county prosecutors explore this subject with a view toward providing guidance and uniformity.
The Law Division did not have the benefit of the Supreme Court's decision in Lagares. Throughout the proceedings, the Law Division judge emphasized that the prosecutor's decision was binding upon him. While we express no opinion as to the fairness of the sentence imposed, we are of the view that the interests of justice militate in favor of remanding the matter for reconsideration. On remand, defendant should be permitted to file moving papers designed to convince the judge that the prosecutor's exercise of discretion was arbitrary and capricious.
The convictions are affirmed and the matter is remanded for further proceedings consistent with this opinion.