NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1569-13T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KASSEY BENJAMIN,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

September 8, 2015

APPELLATE DIVISION

Argued February 3, 2015 — Decided September 8, 2015

Before Judges Fisher, Accurso and Manahan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 11-09-1414.

David R. Oakley argued the cause for appellant (Anderl & Oakley, P.C., attorneys; Mr. Oakley, of counsel and on the brief).

Joie Piderit, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; Ms. Piderit, of counsel and on the brief).

The opinion of the court was delivered by

MANAHAN, J.S.C. (temporarily assigned).

In this Graves Act case, defendant appeals from his conviction after a plea for which he was sentenced to a three-year prison term with a period of parole ineligibility for three years. On appeal, defendant argues the prosecutor and Attorney

General should be ordered to produce records relating to their waiver decisions of other defendants pursuant to the Graves Act "escape valve" statute. N.J.S.A. 2C:43-6.2. Prior to his plea, defendant requested the records without success. In light of our review of the record, the applicable law and in consideration of fundamental fairness, we reverse and remand.

On July 27, 2011, defendant and his friends became involved in a verbal altercation with another group of young males at a McDonald's "drive-thru" in Edison, during which defendant brandished a handgun. Defendant did not point the gun at anyone in particular. When the handgun was later recovered by police it was unloaded. The handgun's serial number was scratched off.

A Middlesex County Grand Jury returned an indictment charging defendant with second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a (count one); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b (count two); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3d (count three); third-degree terroristic threats, N.J.S.A. 2C:12-3b (count four); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5d (count five); and third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4d (count six).

Defense counsel filed a motion requesting the prosecutor to approve a referral of defendant's case to the Assignment Judge or otherwise grant a waiver from the three-year mandatory minimum sentence. The prosecutor opposed defendant's application. In furtherance of the motion, defense counsel requested documents relating to waiver decisions by the prosecutor. The prosecutor denied the request in writing stating that there were no records responsive to the request. The prosecutor, besides noting his opposition to the motion, did not provide the basis in writing for not seeking a waiver. In a written reply, the Attorney General's Office denied a similar records request stating that "this division does not have the documents you are seeking; therefore, your request is denied." Without further pursuit of the motion or the denial of the records he sought, defendant entered a guilty plea.[1]

At the plea hearing, defense counsel noted the following:

> [W]e do intend to appeal an issue which occurred earlier, which comes out of the pre-trial . . . where we attempted to ascertain all of the waivers under the Graves waivers that were done by the Middlesex County Prosecutor's Office, and also from the Attorney General, and through OPRA, and also through regular discovery

---

[1] Defense counsel filed a denial of access complaint with the Government Records Council and defendant agreed to mediate. The Middlesex County Prosecutor's Office declined mediation because it did not possess the documents defendant requested.

requests. And we were told nothing like that exists.

As a result of the plea, no order was entered by the court in relation to the motion.

Pursuant to a plea agreement, defendant pled guilty to one count of second-degree possession of a weapon for an unlawful purpose. Defense counsel reiterated his intention to appeal the sentence, based upon the same concerns raised at the plea hearing. The sentencing judge found aggravating factor nine and mitigating factors seven, eight and nine. The judge noted that defendant had no prior criminal history and led a law abiding life for his twenty years. The judge also noted that he did not think this conduct would reoccur or that defendant would ever pick up another weapon. Defendant was sentenced in accord with the plea agreement to a three-year term of imprisonment with a three-year period of parole ineligibility.

On appeal, defendant argues:

POINT I

DEFENDANT'S SENTENCE OUGHT TO BE VACATED AND REMANDED. COUNTY PROSECUTOR SHOULD BE ORDERED TO PRODUCE RECORDS OF WAIVERS FOR RESENTENCING.

POINT II

DEFENDANT'S SENTENCE OUGHT TO BE VACATED AND REMANDED BECAUSE THE AG DIRECTIVE AUTHORIZES INTER-COUNTY DISPARITY, IT MUST BE REVISED FOR RESENTENCING OF DEFENDANT.

A-1569-13T3

At the outset we note two obstacles to our review; one of which the State impliedly raises and the other which the State did not raise.[2]

First, defendant does not appeal from an order denying the production of the waiver records as no order was entered. As such, defendant's appeal would, in the usual course, be barred for lack of jurisdiction. R. 2:2-3; Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) ("[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion."); see also Heffner v. Jacobson, 100 N.J. 550, 553 (1985); Commercial Realty & Resources Corp. v. First Atl. Properties Co., 122 N.J. 546 (1991); Ellison v. Evergreen Cemetery, 266 N.J. Super. 74, 78 (App. Div. 1993). We have at times opted to overlook technical insufficiencies in order to reach the merits of the appeal. In re Berkeley, 311 N.J. Super. 99, 101 (App. Div. 1998); Paquet, Inc. v. Dep't of Transp., 335 N.J. Super. 130, 135 n.1 (App. Div. 2000).

Second, while defendant, through counsel, noted his intent to appeal the non-production of the requested documents at both

---

[2] The State argues on appeal that defendant waived his right to appeal the decision of the prosecutor by not challenging it before the Assignment Judge.

the plea and sentence, he did not enter a "conditional plea." R. 3:9-3(f). Although, during the plea and sentence, the State lodged no objection to defendant's "reservation" to appeal the waiver decision and non-production of records, defendant did not seek the approval of the court nor the consent of the prosecutor to enter a conditional plea. Ordinarily, the failure to enter a conditional plea would bar appellate review of other than search and seizure issues. State v. Knight, 183 N.J. 449, 471 (2005); State v. J.M., 182 N.J. 402, 410 (2005).

In State v. Gonzalez, 254 N.J. Super. 300, 303 (App. Div. 1992), this court acknowledged that a guilty plea "generally constitutes a waiver of all issues which were or could have been addressed by the trial judge before its entry." We further acknowledged that a conditional plea may be entered only with the court's approval and the consent of the prosecutor. Id. at 304 (citations omitted). Notwithstanding, we held that adherence to the requirements of Rule 3:9-3(f) "would result in an injustice." Ibid. (quoting R. 1:1-2).

In Gonzalez, the defendant pled guilty to a school zone drug offense and later sought to withdraw her plea. She also challenged the constitutionality of the operative statute's mandatory sentence on separation of powers grounds. We noted

that although Gonzalez did not enter a conditional plea, we considered her argument:

> because it relates in part to sentencing, notwithstanding the specifics of the plea agreement. Further, it would be unfair under the circumstances presented to require defendant to forego the benefit of the plea agreement in order to raise this important question.
>
> [Ibid. (internal citation omitted).]

As in Gonzalez, this matter involves the issue of mandatory sentencing and, more particularly, whether the decision by the prosecutor not to seek a waiver was an abuse of discretion. While concededly the procedural history before the trial court does not snuggly fit the procedural paradigm for appellate review, we conclude, as we did in Gonzalez, that strict adherence to the applicable rules "would result in an injustice." R. 1:1-2. To be sure, it would be inherently unfair to allow the legitimacy of a blanket denial of defendant's discovery request to stand without judicial scrutiny. Absent our review, defendant's opportunity to challenge the decision by the prosecutor not to seek a waiver or to produce discovery would be eviscerated.

It would have been preferable had the appeal been taken from an order or final judgement, or had defendant reserved his right to appeal based upon a conditional plea. However,

predicated upon the "interest of justice" rationale noted above, as well as that the parties have thoroughly briefed and argued the issue before us, we choose to resolve the issue on the merits.

Defendant argues the Middlesex County Prosecutor abused his discretion by failing to keep records of prior Graves Act case waivers. Pursuant to the Graves Act, N.J.S.A. 2C:43-6(c), any person convicted of the unlawful possession of a firearm, N.J.S.A. 2C:39-5(b), "shall be sentenced to a term of imprisonment . . . ." At all times relevant to the facts in this case, the Graves Act further required that "[t]he term of imprisonment shall include the imposition of a minimum term[,] . . . fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater . . . during which the defendant shall be ineligible for parole." N.J.S.A. 2C:43-6(c). The "escape valve" provision of N.J.S.A. 2C:43-6.2 states:

> that where a defendant has not been previously convicted of a Graves Act offense, and where the . . . mandatory minimum "does not serve the interests of justice," the prosecutor may move before the Assignment Judge for a reduced mandatory minimum term of one year, or to place the defendant on probation with the condition of a jail term pursuant to N.J.S.A. 2C:43-2(b)(2).

> [State v. Watson, 346 N.J. Super. 521, 535
> (App. Div. 2002), certif. denied, 176 N.J.
> 278 (2003).]

We have previously held that, if the prosecutor does not consent to a defendant's request to be sentenced pursuant to the escape valve provision of N.J.S.A. 2C:43-6.2, "the defendant may [appeal the denial of the waiver] by arguing to the Assignment Judge that the prosecutor's refusal is a patent and gross abuse of discretion."  Ibid.; see also State v. Alvarez, 246 N.J. Super. 137, 147 (App. Div. 1991).

In Alvarez, we concluded that the Graves Act escape valve was "constitutional because the Assignment Judge has the ultimate authority to decide whether the prosecutor arbitrarily or unconstitutionally discriminated against a defendant in determining whether the 'interests of justice' warrant reference to the Assignment Judge."  Id. at 147.

The Attorney General Directive to Ensure Uniform Enforcement of the "Graves Act," ("Directive") published on October 23, 2008 and corrected on November 25, 2008, pursuant to sections "d" (Memorialization of Reasons) and "e" (Data Reporting to Attorney General) stated:

> The prosecuting agency shall document
> in the case file its analysis of all of the
> relevant aggravating and mitigating
> circumstances, whether or not the agency
> moves for or approves a waiver or reduction
> pursuant to N.J.S.A. 2C:43-6.2.

A-1569-13T3

Furthermore, where the prosecuting agency is seeking or approving a probationary sentence, the memorialization of reasons must explain why the imposition of a one—year term of imprisonment and parole ineligibility would constitute a serious injustice that overrides the need to deter others from unlawfully possessing firearms. A copy of all case-specific memorializations required by this Section shall also be maintained in a separate cumulative file in order to facilitate such audits as the Attorney General may from time-to-time direct to ensure the proper and uniform implementation of this Directive. The case file and cumulative audit file shall also document the information sources consulted to determine whether the defendant might be subject to the aggravating sentencing factor set forth in N.J.S.A. 2C:44-1a(5) (substantial likelihood that the defendant is involved in organized criminal activity).

. . . .

On a quarterly basis, each prosecuting agency shall report to the Attorney General the following information, on a form or in a manner as may be prescribed by the Director of the Division of Criminal Justice, in order to permit the Attorney General to monitor the implementation and effects of this Directive:

the number of pre-indictment and post-indictment pleas where the prosecutor moved for or approved a waiver or reduction of the minimum term;

the number of trials, and trial results, and[;]

such other information that the Director of the Division of Criminal Justice determines is relevant to the Attorney General's monitoring and oversight responsibilities.

In order to prevail on an <u>Alvarez</u> motion, "a defendant must make a showing that 'the prosecutor arbitrarily or unconstitutionally discriminated against a defendant in determining whether the "interests of justice" warrant reference to the Assignment Judge' for sentencing under the 'escape valve.'" <u>State v. Mastapeter</u>, 290 <u>N.J. Super.</u> 56, 65 (App. Div.) (citation omitted), <u>certif. denied</u>, 146 <u>N.J.</u> 569 (1996).

The very essence of discrimination is disparate treatment. In the Directive, the Attorney General specifically noted that the procedures and criteria set forth in governing a decision on waiver "are intended to ensure statewide uniformity in the exercise of prosecutorial discretion in implementing <u>N.J.S.A.</u> 2C:43-6.2." We interpret the Directive's required memorialization of reasons by the prosecuting agency as a means to ensure that waiver decisions are not disparate and not dependent upon the venue where the Graves offense is prosecuted, as in a prior plea policy that was met with our Supreme Court's disapproval. <u>See</u> <u>State v. Brimage</u>, 153 <u>N.J.</u> 1 (1998).

Here, without knowing what aggravating or mitigating factors the prosecutor considered (required by the Directive), without a written explanation for the denial (other than the opposition to the motion), and without provision of other waiver case files (required by the Directive), defendant was severely

disadvantaged in meeting his Alvarez burden. Moreover, given these circumstances, no informed judicial determination of the motion could be made.

In resolution of this quandary, we hold that, as in prosecutorial decisions relating to applications for Pre-Trial Intervention, the prosecutor must provide written reasons for withholding consent to a waiver in order to promote procedural fairness and to ensure meaningful judicial review. See State v. Nwobu, 139 N.J. 236 (1995); State v. Atley, 157 N.J. Super. 157 (App. Div. (1978).

We next address defendant's plea and sentence — neither of which he specifically argues as a basis for reversal. Here, defendant was faced with a dilemmatic choice. He could pursue the Alvarez motion which, given the denied discovery and without knowing the precise reasons for denial of the waiver, would have made a successful outcome unlikely. Or, he could accept the plea. Since we are persuaded that defendant was denied a full and fair opportunity to pursue the motion by the position taken by the prosecutor, his resolution of the dilemma by his plea and resultant sentence must be vacated.

Having reached our decision, we are impelled to remand for further proceedings on the Alvarez motion before the Assignment

Judge.[3]  Upon remand, defendant may renew his request for discovery of other case files relative to waiver decisions by the prosecutor.  Should the prosecutor maintain his position that there are no records responsive to the request, the judge may consider, in light of the Directive, whether an adverse inference should be drawn in the determination of the prosecutor's waiver decision.  Further, consistent with our holding, the prosecutor shall be required to provide, in writing, the reasons for his waiver decision.  We leave it to the judge to decide whether an evidentiary hearing would be required.  We add that in reversing and remanding, we express no view as to the merits of defendant's motion.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] In a Memorandum dated November 21, 2008, the Acting Administrative Director of the Courts, at the direction of the Chief Justice, clarified that while statutory language indicates that motions for waiver of, or reductions to, the otherwise mandatory minimum terms of imprisonment or parole ineligibility required pursuant to the Graves Act are to be made by the Prosecutor to the Assignment Judge, that responsibility is delegable by the Assignment Judge to the Criminal Presiding Judge, pursuant to inherent authority and the Rules of Court.

Although not specifically referenced in the Memorandum, we presume that the responsibility for sentencing may also be delegated to the Criminal Presiding Judge.  R. 1:33-6(a).

A-1569-13T3