**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1078-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAFAEL RODRIGUEZ, a/k/a
PETER RODRIGUEZ,

    Defendant-Appellant.

_____

        Argued March 7, 2017 — Decided  March 23, 2017

        Before Judges Yannotti, Fasciale and Gilson.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Indictment No. 15-
        05-1080.

        Stephen W. Kirsch, Assistant Deputy Public
        Defender, argued the cause for appellant
        (Joseph E. Krakora, Public Defender, attorney;
        Mr. Kirsch, of counsel and on the brief).

        Jennifer E. Kmieciak, Deputy Attorney General,
        argued the cause for respondent (Christopher
        S. Porrino, Attorney General, attorney;
        Jeffrey P. Mongiello, Deputy Attorney General,
        on the brief).

PER CURIAM

Defendant appeals from his conviction for a third-degree violation of the conditions on his special sentence of community supervision for life (CSL), N.J.S.A. 2C:43-6.4(d).  We reverse.

In 1998, defendant pled guilty to two counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), for crimes he committed in 1997.  The court sentenced him to a probationary term of three-and-one-half years, and imposed a special sentence of CSL, N.J.S.A. 2C:43-6.4.  At that time, a violation of a condition of his CSL constituted a crime of the fourth degree.

Effective July 1, 2014, the Legislature amended N.J.S.A. 2C:43-6.4(a) and (d) (the 2014 amendment), to upgrade a violation of a condition of CSL to a third-degree offense, and to add convictions for a violation of CSL to the list of predicate crimes that mandate the imposition of parole supervision for life (PSL). In March 2015, defendant failed to report to his parole officer as required by the conditions of his CSL.  See N.J.A.C. 10A:71-6.11(b)(2).

In May 2015, a grand jury indicted defendant and charged him with two counts of third-degree violations of the conditions of his CSL, contrary to N.J.S.A. 2C:43-6.4, for conduct allegedly occurring in March 2015.  In August 2015, he pled guilty to count one in exchange for the dismissal of count two.  In September 2015, the court sentenced defendant, in accordance with the plea

agreement, to a prison term of three years, and imposed a mandatory special sentence of PSL under N.J.S.A. 2C:43-6.4(a).

On appeal, defendant argues:

> PURSUANT TO THE RECENT EX POST FACTO DECISIONS IN STATE V. PEREZ AND STATE V. F.W. DEFENDANT'S CONVICTION SHOULD BE REVERSED. DEFENDANT WAS ONLY ELIGIBLE TO BE CONVICTED OF THE FOURTH-DEGREE VERSION OF N.J.S.A. 2C:43-6.4[(d)] AND SHOULD NOT HAVE HAD HIS COMMUNITY SUPERVISION FOR LIFE CONVERTED TO PAROLE SUPERVISION FOR LIFE.

The state argues defendant waived his right to appeal constitutional ex post facto issues because he did not reserve his right to appeal pursuant to Rule 3:9-3(f). We choose not to apply that rule because "[s]trict adherence to [its] requirements . . . 'would result in an injustice.'" State v. Gonzalez, 254 N.J. Super. 300, 304 (App. Div. 1992) (quoting R. 1:1-2) (considering the defendant's unreserved argument challenging the constitutionality of N.J.S.A. 2C:35-12).

We have considered the arguments in light of State v. Perez, 220 N.J. 423 (2015) and State v. F.W., 443 N.J. Super. 476 (App. Div.), certif. denied, 227 N.J. 150 (2016), and reverse for the reasons expressed in our related published opinion in State v. Hester, __ N.J. Super. __ (App. Div. 2017).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1078-15T1