**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0377-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RYMEER SCURRY, a/k/a
RAMEER L. SCURRY,
RAIMEER SCURRY, and
SNUB,

     Defendant-Appellant.

_____

Submitted September 21, 2020 – Decided October 15, 2020

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment Nos. 16-10-0898, 17-05-0494, and 17-07-0615.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Deborah Bartolomey, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

After the judge denied his motion to exclude certain evidence — a photo and video stored on a cell phone found in the backseat of the victim's car — defendant Rymeer Scurry pled guilty to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), as well as charges in two unrelated indictments. In return, the State agreed to recommend a ten-year term of imprisonment on the assault conviction, with an 85% period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, concurrent sentences on the other two charges, and dismissal of all remaining counts in the three indictments. Under oath, defendant admitted that while seated in the backseat of the victim's car, he "recklessly" shot the victim in the head.

Prior to sentencing, defendant moved to withdraw his guilty pleas, focusing on a purported defense to the assault charge based on alleged weaknesses in the State's case. The judge denied the motion and subsequently sentenced defendant in accordance with the plea bargain.

Before us, defendant raises the following points for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO BAR ADMISSION OF

A CELL PHONE PHOTO AND VIDEO AT TRIAL, PURSUANT TO N.J.R.E. 404(B).

POINT II

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING BECAUSE WITHDRAWAL WAS IN THE "INTERESTS OF JUSTICE" UNDER RULE 3:9-3(E).[1]

Having considered these arguments in light of the record and applicable legal standards, we affirm.

I.

The State contended that on February 15, 2017, defendant was one of two masked men who entered the backseat of the victim's car in an attempted drug-related robbery. During the encounter, the victim suffered a graze gunshot wound to his head. A cell phone was found in the backseat of the victim's car on the night of the shooting, although the phone itself could not be linked to a particular wireless account. As noted in defendant's brief filed in support of the application and made part of the appellate record, police were able to recover a shell casing from the windshield of the victim's car.

---

[1] After the briefs were filed, defendant moved to withdraw Point II. We granted that motion on August 25, 2020. Therefore, we do not address the issue in this opinion.

A-0377-18T1

Police searched the phone after securing a warrant. It contained a photo of defendant holding a gun, as well as a video uploaded approximately four-and-one-half hours before the shooting. In it, defendant is seen with a gun, free-style rapping with original lyrics about stealing drugs and shooting someone in the head.

On April 5, 2017, New Jersey State troopers effectuated a motor vehicle stop. Defendant was in the car and was alleged to have thrown three guns wrapped in a tee shirt out the car window. Ballistics analysis linked one of those guns to the February shooting.

Defendant moved to prohibit the State from introducing the photo and video seized from the phone, and the judge heard oral arguments on defendant's motion. Although no witnesses were called, the prosecutor made a proffer consistent with what we have outlined above. She argued that one of the recovered guns was the same gun shown in the video, although she acknowledged it was not the gun used in the shooting. Defendant contested whether the photo or video showed defendant with any of the guns recovered during the motor vehicle stop.

However, noting the similarity between the rap lyrics and the actual shooting, the prosecutor contended the evidence was relevant and material to

4

two contested issues in the case, i.e., the shooter's intent and identity. She later asserted the evidence was relevant to defendant's motive. Relying primarily on the Court's decision in State v. Skinner, 218 N.J. 496 (2014), defendant contended that the evidence should be excluded under N.J.R.E. 404(b) and N.J.R.E. 403.

The judge viewed the video and conducted the four-prong analysis the Court mandated in State v. Cofield, 127 N.J. 328, 338 (1992). He also found that the video, uploaded shortly before the actual shooting and including violent rap lyrics with significant similarities to the shooting, satisfied Skinner, which required that to be admissible, the lyrics demonstrate a "specific factual connection that strongly tied defendant to the underlying incident." 218 N.J. at 499. The judge stated that he would take specific steps to limit any prejudice to defendant, including addressing prospective jurors about rap lyrics during jury selection, potentially redacting portions of the video and providing limiting instructions at the time it was played for the jury and during the final jury charge. The judge entered an order denying defendant's motion.

A-0377-18T1

Defendant essentially reprises the arguments he made before the trial judge.[2] The State contends that defendant waived any challenge to this evidentiary ruling because he did not enter a conditional guilty plea, preserving his right to appeal this order. See R. 3:9-3(f) (the Rule). Alternatively, the State argues that the judge did not mistakenly exercise his discretion in denying the motion to exclude the evidence.

## II.

We first address the waiver issue. "Generally, a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea." State v. Davila, 443 N.J. Super. 577, 585 (App. Div. 2016) (quoting State v. Robinson, 224 N.J. Super. 495, 498 (App. Div. 1988)). "The waiver even applies to claims of certain constitutional violations." Ibid. (citing State v. Knight, 183 N.J. 449, 470 (2005)); accord State v. J.M., 182 N.J.

---

[2] Although the court made its ruling on defendant's motion to exclude the evidence, the State as proponent of the evidence, bore the burden of proving it was admissible under N.J.R.E. 404(b) and N.J.R.E. 403. State v. Willis, 225 N.J. 85, 100 (2016). Despite this procedural anomaly, defendant does not contend that the judge misapplied the burden of proof. Nor does defendant contend that it was error not to conduct an evidentiary hearing under N.J.R.E. 104(b). See State v. Hernandez, 170 N.J. 106, 130 (2001) (discussing preferable course is to hold an evidentiary hearing to consider the full scope of prosecutor's proffer). Although there was a dispute whether the gun in the video was one of the recovered guns, defendant's argument focused on the rap lyrics and the prejudice associated with their admission.

402, 410 (2005). The concept does not spring from obsequious elevation of form over substance. As the United States Supreme Court has said,

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
>
> [Tollett v. Henderson, 411 U.S. 258, 267 (1973).]

As the Court explained in Knight, there are generally only three exceptions to the waiver rule. 183 N.J. at 471; see also State v. Wakefield, 190 N.J. 397, 417 n.1 (2007). The first, expressly provided for by Rule 3:5-7(d), permits a defendant to challenge an unlawful search and seizure of physical evidence on appeal after entering a guilty plea. Knight, 183 N.J. at 471. The second, expressly permitted by Rule 3:28(g), permits an appeal of an order denying entry into the pre-trial intervention program after a guilty plea. Ibid. Lastly, a defendant may appeal those adverse decisions specifically reserved by a conditional guilty plea entered in accordance with the Rule. Ibid.

The Rule requires satisfaction of several conditions before acceptance of a conditional guilty plea. Davila, 443 N.J. Super. at 586. "[A] defendant may plead guilty while preserving an issue for appellate review only with the 'approval of the court and the consent of the prosecuting attorney.'" Ibid.

7

(alteration in original) (quoting State v. Gonzalez, 254 N.J. Super. 300, 304 (App. Div. 1992) (in turn quoting R. 3:9-3(f)). This reservation of "the right to appeal from the adverse determination of any specified pretrial motion" must be placed "on the record." R. 3:9-3(f). In State v. Marolda, we refused to consider defendant's challenge on appeal to the sufficiency of the indictment, noting that "[b]ecause [the] defendant did not preserve the issue[] . . . by entry of a conditional guilty plea, he . . . waived his right to relief . . . ." 394 N.J. Super. 430, 435–36 (App. Div. 2007) (citing R. 3:9-3(f)).

That said, we have chosen not to apply the Rule when "[s]trict adherence to [its] requirements . . . 'would result in an injustice.'" Gonzalez, 254 N.J. Super. at 304 (quoting R. 1:1-2). In that case, despite the defendant's failure to enter a conditional plea, we considered the constitutional argument raised on appeal because it "relate[d] in part to sentencing," and it was "unfair . . . to require [the] defendant to forego the benefit of the plea agreement in order to raise [an] important question" regarding separation of powers. Id. at 303–04; see also J.M., 182 N.J. at 410 (despite the defendant's unconditional guilty plea, given the State's failure to raise the issue before the trial court, the Court considered the "important issue of whether [a] juvenile may present evidence at the probable cause portion of the waiver hearing").

A-0377-18T1

Here, it is undisputed that the requirements of the Rule were not met. The plea form defendant executed reflects an understanding that he was waiving his right to appeal all pre-trial motions except those noted; none were noted. Neither defense counsel, the prosecutor, nor the judge addressed the issue during the plea colloquy. However, defendant correctly notes an exchange that took place at sentencing.

Counsel told the judge of defendant's intention to file an appeal from the denial of "[t]he suppression of . . . the cell[]phone tape[,]" and denial of his motion to withdraw his guilty plea. The judge told defendant he could "file an appeal on those bases," and that defendant could address "either one of those two situations" with the Appellate Division. There was no comment by the prosecutor. Later, in reiterating defendant's right to appeal, the judge said, "I made my decisions[,] and I'm not inclined to change either one of them at this juncture."

Although this colloquy occurred during sentencing, and no statements regarding preservation of the right to appeal from the evidentiary ruling were made at the time defendant pled guilty, we conclude in light of the judge's comments and the prosecutor's silence, that in this case strict adherence to the requirements of the Rule results in an injustice. Gonzalez, 254 N.J. Super. at

304; see also State v. Matos, 273 N.J. Super. 6, 15 (App. Div. 1994) (considering merits of the defendant's argument on appeal, despite failure to strictly comply with the Rule, based, in part, on judge's comments at time of guilty plea and prosecutor's silence); State v. Diloreto, 362 N.J. Super. 600, 614 (App. Div. 2003) (considering merits of the defendant's appeal where the judge explained to the defendant at the time of his plea that his right to appeal as to "those issues [was] still available"), aff'd, 180 N.J. 264 (2004).[3]  We turn to the merits of defendant's argument.

---

[3]  We also acknowledge the State's argument that denial of a pre-trial in limine evidentiary motion is particularly inappropriate for preservation as an appellate issue for review following a guilty plea.  This is so because "[i]n the event the trial court addresses [evidentiary] issues in a pre-trial proceeding, the trial court must be sensitive to the need to revisit its pre-trial rulings in light of the developing record at trial."  State v. Cordero, 438 N.J. Super. 472, 484 (App. Div. 2014) (alterations in original) (quoting State v. Jones, 308 N.J. Super. 15, 46 (App. Div.1998)).  Moreover, "[t]he primary utility of the [Rule] . . . is directed to such pretrial issues as encompassed by [Rule 3:9-1(e)], namely identification and confession controversies and disputes as to admissibility of other dispositive evidence."  Pressler & Verniero, Current N.J. Court Rules, cmt. 7 on R. 3:9-3 (2021) (emphasis added).  The Rule provides an extraordinary remedy to the successful appellant who pled guilty conditionally, i.e., the right to withdraw his guilty plea.  Diloreto, 362 N.J. Super. at 616 (citing R. 3:9-3(f)). Here, the preliminary ruling not to exclude the rap video, made in a vacuum without the benefit of a full trial record, was not the type of "dispositive" ruling which the Rule was intended to preserve for appellate review.

## III.

In <u>Cofield</u>, the Court articulated a four-part test regarding the admissibility of "uncharged misconduct":

> 1. The evidence of the other crime must be admissible as relevant to a material issue;
>
> 2. It must be similar in kind and reasonably close in time to the offense charged;
>
> 3. The evidence of the other crime must be clear and convincing; and
>
> 4. The probative value of the evidence must not be outweighed by its apparent prejudice.
>
> [<u>State v. Rose</u>, 206 N.J. 141, 159–60 (2011) (quoting <u>Cofield</u>, 127 N.J. at 338).]

"Further, even if relevant under N.J.R.E. 404(b), such evidence must nevertheless survive the crucible for all relevant evidence: 'relevant evidence may be excluded if its probative value is substantially outweighed by the risk of . . . undue prejudice . . . .'" <u>State v. Lykes</u>, 192 N.J. 519, 534–35 (2007) (quoting N.J.R.E. 403). "A trial court['s] ruling on the admissibility of other-crimes evidence is a discretionary matter that receives 'great deference' and is reversible only if clearly erroneous." <u>State v. Weaver</u>, 219 N.J. 131, 149 (2014) (quoting <u>State v. Gillispie</u>, 208 N.J. 59, 84 (2011)).

A-0377-18T1

In Skinner, the Court determined that certain forms of "inflammatory self-expression, such as poems, musical compositions, and other like writings about bad acts, wrongful acts, or crimes" are not admissible unless there is "a strong nexus between the specific details of the artistic composition and the circumstances of the underlying offense for which a person is charged, and the probative value of that evidence outweighs its apparent prejudicial impact." 218 N.J. at 500. The Court specifically approved the use of N.J.R.E. 404(b) and Cofield's four-prong analysis in considering admissibility of such evidence. Id. at 514. Critically, in considering "artistic works" under this framework, the Court said "the admission of [a] defendant's rap lyrics risked unduly prejudicing the jury without much, if any, probative value" unless there was "a strong connection to the . . . offense with which [the] defendant was charged[.]" Id. at 524. Before admitting the evidence, the trial court must "consider the existence of other evidence that can be used to make the same point[,]" and "redact such evidence with care." Id. at 525.

In this case, the trial judge conducted a fulsome analysis under Cofield. Moreover, he noted that the video was uploaded shortly before the shooting and described salient features of the crime, i.e., the attempted drug-related robbery of another in which the victim is shot in the head. He concluded, as do we, that

12

the probative nature of this evidence was not outweighed by its prejudice. Additionally, the judge anticipated potential redaction of the video, as well as other measures to reduce its potential prejudice and to focus the jury on the permissible uses of the evidence.

Defendant argues that the State had significant other evidence available to prove its case, and admission of the video was unnecessary, thereby, enhancing the prejudice side of the weighing process. Given the lack of a complete record, we are unable to assess the strengths of the State's case or what extent other evidence was available to prove identity, intent and motive, except it appears undisputed that the victim could not identify who shot him. However, the judge's willingness to mitigate the admittedly prejudicial nature of the video through instructions and redaction convinces us that he did not abuse his discretion in denying defendant's motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0377-18T1