**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3948-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ENOCK TELLUS, a/k/a ENOCH
TELLUS, ENOCH JELLUS,
KANNYE JOHNSON, MELVIN,
MARIO TELLUS, EMOCK
TELLUS, VLADMIR TELLUS,
and VLADYMIR TELLUS,

     Defendant-Appellant.

_____

Submitted November 18, 2019 – Decided January 9, 2020

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 05-05-0590.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special

Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

A jury convicted defendant Enock Tellus of first-degree murder and related weapons offenses in the 2004 shooting death of Clark "Biggie" Simon in the Oasis Bar in Elizabeth. The judge sentenced defendant to an aggregate forty-five-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. State v. Tellus, No. A-6652-06 (App. Div. March 2, 2010) (Tellus I) (slip op. at 1–2). Defendant appealed, arguing the trial judge's failure to provide a passion/provocation manslaughter charge was reversible error and the sentence was excessive. Id. at 7. We affirmed defendant's conviction and sentence, id. at 26, and the Supreme Court denied certification. State v. Tellus, 202 N.J. 45 (2010).

Defendant filed a post-conviction relief (PCR) petition alleging trial counsel provided ineffective assistance (IAC) by failing to, among other things, properly investigate the case and produce alibi witnesses at trial. State v. Tellus, No. A-1897-12 (App. Div. Dec. 3, 2014) (Tellus II) (slip op. at 3–4). The PCR judge denied the petition without an evidentiary hearing, concluding, in part, that "[[d]efendant] has not provided a sufficient factual basis to determine that

2

more investigation by trial counsel was warranted. No affidavits or certificates were submitted which in any way indicate that the enumerated witnesses had any evidence helpful to [defendant]." Id. at 5 (first alteration in original). We affirmed the PCR judge's order. Id. at 11. The Court denied defendant's petition for certification. State v. Tellus, 221 N.J. 287 (2015).[1]

In 2015, defendant filed a pro se second PCR petition, and the Law Division judge appointed counsel to represent him. Among the issues raised in the petition and brief were two specific IAC claims: 1) counsel failed to properly investigate and call potential alibi witnesses; and 2) counsel failed to object to trial testimony that referenced defendant's pre-trial incarceration in the county jail. Judge Regina Caulfield, who was not the trial judge or first PCR judge, considered oral argument and denied the petition without an evidentiary hearing. This appeal followed.

Before us, defendant raises the following points for our consideration:

---

[1] Additionally, defendant's pro se habeas corpus petition was denied by the federal district court. Tellus v. New Jersey, No. 14-3121, 2018 U.S. Dist. LEXIS 76297 (D.N.J. May 7, 2018).

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE . . . BY FAILING TO OBJECT TO PREJUDICIAL TESTIMONY THAT HE WAS INCARCERATED, OR ASK FOR A LIMITING INSTRUCTION ON THIS ISSUE, AND FAILING TO INVESTIGATE AND PRESENT WITNESSES.[2]

POINT TWO

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT'S] PRO SE CLAIMS.

In a supplemental pro se brief, defendant argues:

POINT I

TRIAL COUNSEL AND APPELLA[TE] COUNSEL W[ERE] INEFFECTIVE FOR NOT INVESTIGATING THE INCONSIST[E]NT STATEMENTS FROM [THREE TRIAL WITNESSES], FOR EACH ONE OF THESE WITNESSES . . . LIED AND FABRICATED THEIR STORIES TO THE UNION COUNTY PROSECUTORS AS TO THE TRUE EVENTS THAT [O]CCURRED ON NOVEMBER 5, 2005[,] AT THE OASIS BAR.

POINT II

STATE PROSECUTOR . . . MADE INCRIMINATING REMARKS DURING HIS OPENING FOR THE

---

[2] We have eliminated the subpoints in defendant's brief.

A-3948-17T4

STATE AS WELL AS DURING CLOSING SUMMATION WHICH . . . CLEARLY PREJUDICED [DEFENDANT] BEFORE THE JURORS. (Not Raised Below).[3]

The State urges us to affirm substantially for the reasons expressed in Judge Caulfield's comprehensive written opinion, including the judge's conclusion that defendant' second PCR petition was procedurally barred. Having considered these arguments in light of the record and applicable legal standards, we conclude the petition was procedurally barred and affirm.

"A second or subsequent petition for post-conviction relief shall be dismissed unless . . . it is timely under <u>Rule</u> 3:22-12(a)(2)[.]" <u>R.</u> 3:22-4(b)(1). Pursuant to <u>Rule</u> 3:22-12(a)(2):

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

---

[3] In a third point, defendant generally asserts trial counsel provided ineffective assistance in violation of defendant's state and federal constitutional rights.

A-3948-17T4

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post[-]conviction relief is being alleged.

The time limit cannot be relaxed or extended, even if a defendant alleges excusable neglect caused the delay, or that enforcement of the time bar would result in a fundamental injustice. State v. Jackson, 454 N.J. Super. 284, 291–94 (App. Div. 2018).

Judge Caulfield correctly noted that the first PCR judge denied defendant's PCR petition on August 27, 2012. The second petition was not filed until May 21, 2015, nearly three years later. As a result, the petition was untimely under Rule 3:22-12(a)(2)(C). Judge Caulfield also considered whether the petition was cognizable under subsection (B), i.e., that it was, in the exercise of reasonable diligence, filed within one year of the discovery of factual predicates that occurred after August 27, 2012.

The first aspect of defendant's IAC claim raised in Point I alleges trial counsel provided ineffective assistance because he failed to object to certain

6

testimony that defendant was incarcerated, and he also failed to seek a limiting jury charge.[4] Judge Caulfield thoroughly addressed the argument on its merits under the two-prong test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). She correctly concluded that it was obvious from the trial transcripts counsel made a strategic decision regarding the testimony, and his performance was therefore not deficient. See, e.g., State v. Savage, 120 N.J. 594, 617 (1990) (noting strategic decisions made by trial counsel after proper investigation are "virtually unchalleng[e]able" (quoting Strickland, 466 U.S. at 690–91)).

While we agree with Judge Caulfield's analysis, we affirm this aspect of the challenge to the order under review for different reasons. See State v. Benjamin, 442 N.J. Super. 258, 262 (App. Div. 2015) ("[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." (alteration in original) (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001))). The factual predicate for this claim about trial counsel's performance was known at the latest by 2007, and therefore, it fails to satisfy the time constraints of Rule 3:22-12(a)(2)(B). See State v. Brown, 455

---

[4] We detailed the nature of this testimony in Tellus I, slip op. at 5 n.1.

N.J. Super. 460, 471 (App. Div. 2018) (affirming denial of PCR petition on different grounds, specifically, the time limitations of Rule 3:22-12(a)(1)(A)).

The second aspect of defendant's IAC claim raised in Point I centers on three potential witnesses not produced at trial. Defendant's girlfriend at the time of the murder, Sandy Joseph, spoke to a defense investigator in 2016. Joseph said she was "very confident that [defendant] was not in New Jersey at the time" of the murder because he was working in Massachusetts, and she spoke with him "every day" by phone. She also asserted that "nobody had ever contacted her about th[e] case before." However, Joseph acknowledged "she was not physically with [defendant] at the time" in question.

Judge Caulfield correctly noted that Joseph was known to defendant as a possible alibi witness "many years ago. She was defendant's girlfriend at the time of the shooting and, according to defendant, knew his whereabouts. Thus, the factual predicate for this defense was known to defendant as early as 2004[,]" when the murder occurred. We agree the factual predicate for the claim that trial counsel was ineffective for failing to interview Joseph and call her as an alibi witness, if true, was known to defendant at the time of the murder in 2004 or shortly thereafter.

The second alibi witness was Phillippe Barthelus, who in 2015 supplied a handwritten "affidavit" stating that defendant was not in the bar on the night of the murder. However, Judge Caulfield correctly found that Barthelus was interviewed by police within days of the shooting and told them that while he saw the victim in the bar that evening, he never saw defendant. The judge concluded, "Clearly then, defendant knew about Barthelus and what his anticipated testimony would be before the start of his trial." We agree with Judge Caulfield that the factual predicate in support of an IAC claim was known well before the one-year time limit contained in Rule 3:22-12(a)(1)(B).

The final alibi witness was Phillip Thomas. The exhibits to the second PCR petition included an "affidavit" dated October 4, 2005, purportedly signed by Thomas, acknowledging that "the foregoing statement(s) in the attached letter made by me are true."[5] The undated attached handwritten "letter" was on jail stationary, with Thomas' name written at the top. It said in its entirety: "Someone payed [sic] me to say he did it." Judge Caulfield cited another exhibit in defendant's petition that reflected a January 2007 interview of Thomas by the assistant prosecutor and a detective at the jail.[6] The judge wrote that at that

---

[5] The affidavit includes no jurat.

[6] The exhibit is not in the appellate record.

A-3948-17T4

time, "Thomas told them that he did not recall anything and refused to testify. . . . [W]hile uncooperative, [Thomas] did acknowledge giving the 'paper' to defendant." The report also reflected that defense counsel "had provided the State with the 'paper[.]'" Under these circumstances, Judge Caulfield correctly decided "defendant must have know about the 'affidavit' authored by Thomas, and what it said . . . before [his] trial in . . . 2007."

In short, the factual predicates for both aspects of defendant's IAC claim were known to defendant well before the time limits within which he was permitted to file a second PCR petition. Defendant's brief and pro se supplemental brief fail to rebut or even address the petition's procedural infirmities under Rule 3:22-12(a)(2)(B) and (C). On these grounds, the second petition was untimely and properly dismissed. Jackson, 454 N.J. Super. at 297.

We also reject defendant's claim that Judge Caulfield failed to address the issues he raised in his pro se submissions. The judge's written decision belies the claim.

Finally, the arguments defendant raises before us in his pro se supplemental brief lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2); see R. 3:22-12(a)(2)(B).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3948-17T4