**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3228-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDRE HARRIS,

    Defendant-Appellant.

_____

Argued April 16, 2024 – Decided May 20, 2024

Before Judges Mayer, Whipple and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 16-06-0997 and 16-12-1998.

Colin Sheehan argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Taylor L. Napolitano, Assistant Deputy Public Defender, of counsel and on the brief).

Melinda A. Harrigan argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andre Harris appeals from his June 10, 2022 judgment of conviction for attempted murder, conspiracy to commit murder, weapons offenses, and desecration of human remains after entering a guilty plea. Defendant focuses his arguments on the April 16, 2019 order denying his motion to suppress statements he made to the police. He also appeals from the sentence imposed. We affirm the conviction but remand for resentencing.

We incorporate the facts from our opinion in a companion case, State v. Sweeney, No. A-3186-21 (App. Div. May 20, 2024), issued the same date as this opinion. In Sweeney, a jury convicted defendant Jennifer Sweeney of murder and other offenses in connection with the shooting of Tyrita Julius in November 2015 and Julius's murder in March 2016.

In brief, Sweeney contacted defendant and demanded he kill Julius. Sweeney threatened to contact defendant's family if he refused to kill Julius. In November 2015, Sweeney gave defendant a gun to shoot and kill Julius. Although defendant succeeded in shooting Julius several times, he did not kill her.

In March 2016, Julius disappeared. As part of the investigation into Julius's disappearance, the police obtained defendant and Sweeney's cell phone and E-ZPass records.

In June 2016, unrelated to the murder of Julius, a grand jury indicted defendants on several drug related charges (drug case). On August 16, 2016, the police arrested defendant on a warrant for a motor vehicle violation. At the police station, defendant gave a recorded statement to the police. At the start of the interview, the police told defendant he was under arrest based on the motor vehicle warrant. The police gave defendant the Miranda[1] warning and waiver form. Defendant acknowledged his rights by responding "yes" when asked by the officers if he understood his rights and agreed to waive his rights by providing a voluntary statement. Defendant then initialed and signed the Miranda warning and waiver form.

During his recorded statement, defendant consented to a search of his home. While still being interviewed at the police station, other police officers executed a search warrant of defendant's home and discovered Julius's body buried in a shallow grave in defendant's backyard.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3228-21

In December 2016, a grand jury indicted defendant on charges related to Julius's murder and other offenses (murder case). The charges in the murder case included the following: first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3 (counts one and two); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:11-3(a) (count three); second-degree unlawful possession of a weapon, N.J.S.A. 2C:58-4 and N.J.S.A. 2C:39-5(b) (count four); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count five); first-degree purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) and/or (a)(2) (count six); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count seven); second-degree disturbing or desecrating human remains, N.J.S.A. 2C:22-1(a)(1) and/or (a)(2) (count eight); and fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1) (count nine).

Prior to trial, defendant moved to suppress his statement to the police in the murder case. The judge conducted several days of testimonial hearings on defendant's motion.[2] In a written opinion, the judge denied defendant's April 16, 2019 motion.

---

[2] The hearing included testimony related to Sweeney's motion to suppress her statements to the police.

A-3228-21

On May 30, 2019, defendant pleaded guilty to certain charges under both indictments pursuant to a plea agreement and a cooperation agreement. Under the cooperation agreement, defendant agreed to testify truthfully against Sweeney at the murder trial.

In accordance with a negotiated plea in the murder case, defendant agreed to plead guilty to attempted murder, conspiracy to commit murder, possession of a weapon for an unlawful purpose, and disturbing or desecrating human remains. Defendant also agreed to plead guilty to obtaining controlled dangerous substances (CDS) by fraud in the drug case.

In exchange for his guilty plea, the prosecutor agreed to dismiss the remaining charges in each indictment and recommend an aggregate sixteen-year prison sentence, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2(a), with the sentences to run concurrently.

Also on May 30, 2019, defendant signed the plea form. In response to Question 4.d., defendant acknowledged he was not waiving his right to appeal the denial of a motion to suppress physical evidence under Rule 3:5-7(d), or the denial of acceptance into a pretrial intervention program under Rule 3:28. In response to Question 4.e., defendant circled, "Yes," indicating he "underst[ood] that by pleading guilty [he was] waiving [his] right to appeal the denial of all

other pretrial motions."  In the blank space for listing any exceptions to waiving the right to appeal other pretrial motions, "N/A" was handwritten.  Although defendant could have listed exceptions to his waiving the right to appeal any other pretrial motions in this section of the plea form, including the pretrial suppression motion, he did not do so.  In responding to Question Thirteen, defendant expressly "reserved [the] right to argue for [a] lesser sentence."

At the plea hearing, defendant testified he reviewed and discussed the terms of the plea agreement and cooperation agreement with his attorney.  The judge also reviewed the plea agreement and cooperation agreement with defendant.  After hearing defendant's testimony, the judge accepted defendant's guilty plea, concluding defendant knowingly and voluntarily waived his rights in entering into the plea.

Defendant then testified against Sweeney at trial in the murder case.  The jury ultimately convicted Sweeney of murder and other offenses.

On May 6, 2022, defendant appeared for sentencing in accordance with his plea agreement.  Defendant's attorney requested the judge sentence defendant to a lesser term than stated in the plea agreement.  Specifically, counsel asked that defendant be sentenced in accordance with a second-degree offense and receive a term of seven years subject to NERA.

6

Defense counsel also asked the judge to find the following mitigating factors: mitigating factor three, N.J.S.A. 2C:44-1(b)(3), defendant acted under strong provocation; mitigating factor four, N.J.S.A. 2C:44-1(b)(4), substantial grounds tending to excuse or justify defendant's conduct; mitigating factor six, N.J.S.A. 2C:44-1(b)(6), defendant will compensate the victim or will participate in a program of community service; mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), defendant has no history of delinquency or criminal activity or has led a law-abiding life for a substantial period of time; mitigating factor eight, N.J.S.A. 2C:44-1(b)(8), defendant's conduct was the result of circumstances unlikely to recur; mitigating factor nine, N.J.S.A. 2C:44-1(b)(9), defendant's character and attitude indicate he is unlikely to commit another offense; and mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12), defendant's willingness to cooperate with law enforcement authorities.

The State asked the judge to impose defendant's sentence in accordance with the plea agreement. Regarding the mitigating factors, the State agreed mitigating factor twelve applied. Regarding the aggravating factors, the State requested the following: aggravating factor one, N.J.S.A. 2C:44-1(a)(1), the nature and circumstances of the offense and the role of the actor in committing the offense; aggravating factor two, N.J.S.A. 2C:44-1(a)(2), the gravity and

7

seriousness of harm inflicted, including the victim's vulnerability or inability to resist; aggravating factor three, N.J.S.A. 2C:44-1(a)(3), the risk defendant will commit another offense; and aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), the need for deterrence.

As part of the sentencing hearing, the judge considered the presentence report, as well as counsels' arguments and written submissions. After reviewing the matter, the judge applied mitigating factor nine based upon defendant's numerous letters of support but afforded little weight to this factor based on his findings in applying the aggravating factors. The judge also applied mitigating factor twelve based on defendant's "level of cooperation." The judge rejected the other mitigating factors requested by defendant and explained his reasons for declining to apply those factors.

The judge then considered the aggravating factors. As requested by the State, the judge applied aggravating factors one, two, three, and nine.

In applying aggravating factors one and two, the judge noted Sweeney "enlisted" defendant to kill Julius and defendant fired a handgun "at point blank range" into Julius's car knowing "there [were two people] sitting in that vehicle." Moreover, the judge found defendant not only "allow[ed] the body of [] Julius to be buried in his backyard, [but] he obliged defendant Sweeney by digging the

hole himself" and "[p]lacing [] Julius['s] lifeless body into it and covering it over." The judge found the circumstances were "heinous in the extreme." The judge applied aggravating factor two "because there [was] no question that both of these innocent victims were seriously hurt." The judge further explained defendant "surely knew or should have known that, both of [the victims] were vulnerable, particularly vulnerable, sitting helplessly in a vehicle. They were not capable of exercising normal physical or mental power of resistance at that point."

In applying aggravating factor three, the judge explained that after defendant shot Julius and her daughter in November 2015, a mere four months later, defendant "committed wholly new acts of criminal depravity, by burying []Julius in his backyard, and thereby hiding evidence of Sweeney's murder on his property." Based on "[t]he sequence of events alone," the judge applied aggravating factor three. Additionally, the judge stated defendant's "criminal history further underscore[d] the risk of future offenses."

The judge applied aggravating factor nine for the reasons previously expressed in support of the other aggravating factors.

Based upon his findings applying the aggravating and mitigating factors, the judge sentenced defendant in accordance with the plea agreement. He

9

sentenced defendant as follows: a sixteen-year term, subject to NERA, on counts one, two, and three in the murder case; a ten-year term with five years of parole ineligibility on count five in the murder case; a concurrent ten-year term on count eight in the murder case; and a concurrent three-year term on count one in the drug case.

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN DENYING SUPPRESSION OF [DEFENDANT'S] STATEMENT BECAUSE [DEFENDANT'S] WAIVER OF THE PRIVILEGE OF SELF-INCRIMINATION WAS NOT KNOWING AND VOLUNTARY GIVEN HIS CONFUSION OVER HIS TRUE STATUS EXACERBATED BY THE EXISTENCE OF THE TRAFFIC WARRANT AND CDS CASE, AND THE POLICE'S COERCIVE INTERROGATION TACTICS.

POINT II

[DEFENDANT] IS ENTITLED TO RESENTENCING GIVEN THAT THE COURT IGNORED COMPETENT AND CREDIBLE EVIDENCE THAT HE ACTED UNDER DURESS, IMPROPERLY DOUBLE-COUNTED THE OFFENSES IN FINDING THE AGGRAVATING FACTORS, AND OTHERWISE FAILED TO GIVE ANY OF THE FACTORS THE APPROPRIATE WEIGHT TO ARRIVE AT AN EXCESSIVE 16-YEAR TERM.

# I.

Defendant contends he did not waive his appeal argument in Point I by entering into the plea agreement. He argues the judge never asked if he understood the waiver of the right to preserve the filing of an appeal from the denial of his motion to suppress his statement to the police. Having reviewed the record, we are satisfied defendant waived his right to appeal this issue.

"Generally, a defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea." State v. Knight, 183 N.J. 449, 470 (2005) (quoting State v. Crawley, 149 N.J. 310, 316 (1997)).

Rule 3:9-3(f) addresses "conditional pleas" and provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, the defendant shall be afforded the opportunity to withdraw his or her plea. Nothing in this rule shall be construed as limiting the right of appeal provided for in [Rule] 3:5-7(d).[3]

---

[3] Under Rule 3:5-7(d), a defendant who enters into a guilty plea retains the automatic right to appeal from the denial of any motions to suppress physical evidence.

The automatic right to appeal under Rule 3:5-7(d) is limited to search and seizure claims and excludes claims alleging a violation of the right against self-incrimination. See Knight, 183 N.J. at 471. A defendant's entering a plea without the conditional reservation of the right to appellate review of issues other than the validity of a search and seizure and denial of admission to a pretrial intervention program. Ibid. Exceptions to the limitations under Rule 3:9-3(f) require a defendant to demonstrate compelling circumstances. State v. Benjamin, 442 N.J. Super. 258, 263-64 (App. Div. 2015), aff'd on other grounds, 228 N.J. 358 (2017).

Here, in pleading guilty, defendant failed to preserve the right to appeal from the denial of his motion to suppress his statement to the police. Defendant unequivocally affirmed his understanding that by pleading guilty he waived his right to appeal the denial of all pretrial motions with the exception of a motion under Rule 3:5-7(d), related suppression of physical evidence, and Rule 3:28, the denial of entry into a pretrial intervention program. Therefore, defendant is precluded from challenging the denial of his motion to suppress his statement to the police.

Moreover, the record is devoid of any evidence reflecting defendant's alleged confusion as to the nature of his plea or any compelling circumstances

12

warranting an exception to <u>Rule</u> 3:9-3(f). To the contrary, the record reflects defendant, with the assistance of counsel, carefully reviewed the plea form and cooperation agreement such that defendant understood the consequences of his plea, including the waiver of his right to challenge the denial of his motion to suppress his statement to the police.

If defendant sought to preserve his right to appeal the denial of his motion to suppress the statement to the police, defendant knew that right could be included in the plea agreement. Indeed, defendant preserved the right to argue for a lesser sentence as part of his plea agreement. Thus, on this record, we reject defendant's argument that he preserved the right to appeal from the denial of his motion to suppress his statement to the police.

## II.

We next consider defendant's arguments seeking a remand for resentencing. Defendant asserts the judge impermissibly double-counted certain components in applying the aggravating factors. He further contends the judge failed to properly weigh the aggravating and mitigating factors. Additionally, defendant claims the sentence imposed was excessive.

We review a sentencing court's imposition of a sentence for abuse of discretion. <u>State v. Miller</u>, 237 N.J. 15, 28 (2019). "Appellate review of a

13

<span>A-3228-21</span>

criminal sentence is limited; a reviewing court decides whether there is a 'clear showing of abuse of discretion.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Whitaker, 79 N.J. 503, 512 (1979)).

However, our deferential standard of review applies "only if the trial judge follows the [Criminal] Code and the basic precepts that channel sentencing discretion." State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting State v. Case, 220 N.J. 49, 65 (2014)). Where the sentencing judge followed the Criminal Code "and the basic precepts that channel sentencing discretion," we will affirm provided the sentence does not "shock the judicial conscience." Case, 220 N.J. at 65. "On the other hand, if the trial court fails to identify relevant aggravating and mitigating factors, or merely enumerates them, or foregoes a qualitative analysis, or provides little 'insight into the sentencing decision,' then the deferential standard will not apply." Ibid.; see State v. Kruse, 105 N.J. 354, 363 (1987).

Regarding the balancing of aggravating and mitigating factors, it is insufficient to merely count "whether one set of factors outnumbers the other." Case, 220 N.J. at 65. "Rather, the court must qualitatively assess the relevant aggravating and mitigating factors, assigning each factor its appropriate weight." Ibid.

Here, at the sentencing hearing, the judge omitted the assignment of weight to each aggravating and mitigating factor. Nor did the judge state on the record at the sentencing hearing that the aggravating factors outweighed the mitigating factors. Absent the judge assigning weight to each aggravating and mitigating factor, we are constrained to remand for resentencing.

A defendant must be sentenced "anew" where resentencing is ordered unless the remand is for correction of a technical error, or the remand order is limited in scope. State v. Robinson, 217 N.J. 594, 610-11 (2014); State v. Randolph, 210 N.J. 330, 350-51 (2012). Such a resentencing would entail "a new analysis of the aggravating and mitigating factors" applicable to defendant "as he appears on the day of resentencing." Randolph, 210 N.J. at 354.

On remand, counsel may present arguments regarding the applicable aggravating and mitigating factors. The judge should provide a detailed explanation of the sentencing findings, assigning weight to each applicable aggravating and mitigating factor and then balancing the factors.

Affirmed as to the conviction. The matter is remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3228-21