709 A.2d 303

IN THE MATTER OF JAMES BERKELEY, APPLICANT.

Superior Court of New Jersey
Appellate Division

Submitted April 22, 1998—Decided May 11, 1998.

Before Judges KING and MUIR, Jr.

*Michael S. Kimm*, attorney for appellant James Berkeley.

*Patricia A. Hurt*, Essex County Prosecutor, attorney for respondent State of New Jersey (*Gary A. Thomas*, Special Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

MUIR, Jr., J.A.D.

James Berkeley, a martial arts instructor who is the "only authorized instructor of the *Steven Seagal Method of Aikido* in the north-eastern region of the United States," appeals apparently from a decision of the trial court (no order or judgment of the court is set out in the record) upholding the decision of the Bloomfield Chief of Police to deny Berkeley's application for a gun permit. Technically, the appeal is jurisdictionally defective. Appeals may be taken only from judgment or orders and not from opinions or decisions. *See, e.g., Heffner v. Jacobson,* 100 *N.J.* 550, 553, 498 *A.*2d 766 (1985); Pressler, *Current N.J. Court Rules,* comment on *R.* 2:2–3 (1998). However, we elect to ignore the technical defect, rule on the substantive provisions of the appeal, and affirm.

"The permit to carry a gun is the most closely-regulated aspect of gun-control laws." *In re Preis,* 118 *N.J.* 564, 568, 573 *A.*2d 148 (1990). The legislative goal is to protect the public by precluding unfit persons from possessing guns. *See State v. Cunningham,* 186 *N.J.Super.* 502, 508, 453 *A.*2d 239 (App.Div.1982); *Burton v. Sills,* 53 *N.J.* 86, 91, 248 *A.*2d 521 (1968). Consequently, to obtain a purchaser identification card, an individual must be a "person of good character and good repute in the community in which he lives." *N.J.S.A.* 2C:58–3c. A gun permit applicant's identity in the community then is a controlling criterion for determining whether the permit should be granted. To that end, the Gun Control Law in *N.J.S.A.* 2C:58–3d authorizes the Chief of Police where a gun permit applicant "resides" to consider the applicant's statutory qualifications. In all other instances, the applicant must apply to the Superintendent of the State Police.

The trial court concluded Berkeley did not have a bona fide residence in Bloomfield. It, therefore, ruled the Bloomfield Chief of Police had no jurisdiction to consider Berkeley's gun permit application.

Berkeley admits that he is an out-of-state resident but claims, because he has a "secondary residence" in Bloomfield, the trial court erred in not granting him a permit. We disagree.

■ We conclude the Legislature intended the word "resides" as used in *N.J.S.A.* 2C:58-3d to be synonymous with the term "domicile." There can be no dispute a gun permit applicant's contacts with a municipality undergirds the legislative intent behind authorizing a municipal police chief to assess the applicant's fitness for possession of a gun. However, only when an applicant has substantial contacts with the municipality is there means available for making the assessment. Consequently, where an applicant claims dual residency and the applicant's identity in or connection with a municipality is superficial, the ability of the local police chief is severely limited. The applicant's contacts with a municipality to adequately afford opportunity to assess permit qualifications require "elements of permanency, continuity and kinship with the physical, cultural, social and political attributes" of a community. *See State v. Benny,* 20 *N.J.* 238, 251, 119 *A.*2d 155 (1955) (elements recited evidence domicile not residence). Only when an applicant's identity with a community is evidenced by the recited elements can the local police chief have an adequate opportunity to assess the fitness and suitability for a gun permit. In absence of those substantial contacts, we conclude it was the legislative intent to place consideration of a gun permit application in the hands of the State Police.

■ The undisputed evidence discloses Berkeley has very limited, inconsequential contacts with Bloomfield. While he operates an instructional studio in Bloomfield, he stays there overnight no more than twice a week and only when his work runs late. On the other hand, he (1) has a New York driver's license with a New York City address where he apparently lives the majority of the time; (2) files his income tax returns from the same New York City address; and (3) last registered to vote in New York and has never registered to vote in New Jersey. Given the substantial evidence of his contacts with New York and limited contacts with

Bloomfield, we conclude Berkeley does not "reside" in Bloomfield within the intendment of the Gun Control Law. *See Mercadante v. City of Paterson,* 111 *N.J.Super.* 35, 40, 266 *A.*2d 611 (Ch.1970), *aff'd,* 58 *N.J.* 112, 275 *A.*2d 440 (1971) (holding that "[n]othing less [than domicile] will create ... 'identity with the community.' ").

Affirmed.