**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3804-23

GINA MARIE BATTAGLINI,

    Plaintiff-Appellant,

v.

ANDREW HARTUNG and
RANGE ROVER,

    Defendants-Respondents.

_____

        Submitted October 15, 2025 – Decided November 18, 2025

        Before Judges Rose and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-002459-24.

        Gina Marie Battaglini, appellant pro se.

        Gerard F. Lipski (Dengler & Lipski), attorney for respondents.

PER CURIAM

Plaintiff Gina Marie Battaglini appeals from the June 18, 2024 Special Civil Part dismissal after trial of her breach of contract claims arising from an alleged failure to honor an automobile repair warranty. We affirm.

## I.

In 2020, plaintiff purchased a new 2020 Land Rover Discovery from defendant Range Rover. Defendant Andrew Hartung was the general manager of the dealership at which she made the purchase. The vehicle was covered by a written repair warranty for the first 50,000 miles on its odometer.[1]

In January 2024, plaintiff noticed the radio in the vehicle making a popping sound when in use. At the time, the vehicle's odometer had not reached 50,000 miles. Plaintiff brought the vehicle to the dealership for service. After an inspection by a mechanic, a representative of the dealership informed plaintiff the radio malfunction was caused by the intrusion of water into the module housing the radio's electronic components under the carpet beneath the front passenger seat. He told plaintiff that because the malfunction was caused

---

[1] Although the complaint names Range Rover as a defendant, testimony at trial identified the dealership at which plaintiff purchased the vehicle as Jaguar/Land Rover of Cherry Hill. Hartung testified he was employed by Cherry Hill Imports Auto Group (CHIAG) while serving as the general manager of the dealership. The relationship between CHIAG and the dealership was not explained at trial.

by an outside source, the repair was not covered under the warranty. Plaintiff declined to have the radio repaired at her cost.

Plaintiff thereafter filed a complaint in the Special Civil Part alleging defendants breached the warranty. She alleged it was impossible for water to have caused the vehicle's radio to malfunction. Plaintiff also alleged defendants' examination of the radio at the dealership caused it to cease working entirely. She sought $6,800 in damages.

At trial, Carlos Santiago, a certified mechanic at the dealership, testified he inspected the vehicle after plaintiff brought it in for service. Santiago first checked an onboard computer to determine if any electronic components of the vehicle were not communicating with the computer system. He determined two elements that control audio for the radio were not communicating with the system. Those components were in a module underneath the carpet beneath the front passenger seat.

Santiago removed the front passenger seat and carpeting to determine if the components were getting power but not communicating with the computer system. He found an open, half-empty bottle of water underneath the passenger front seat where weather mats were not covering the carpet. Santiago placed his fingers on the carpet and felt "[m]oisture, water." He saw water in the module

3

housing the radio components.  Santiago also saw two unopened bottles of water on the driver's seat and an aftermarket window shade installed in the rear passenger seat window that was keeping the window slightly open.

Santiago took ten photographs during his inspection of the vehicle. According to his testimony, the photos showed "[s]ome type of liquid on the seats of the back rear seat," the aftermarket window shade, and the "rear carpet."[2]

Santiago created a video detailing his inspection to share with plaintiff. The video was played for the court.  According to Santiago's testimony, the video showed him touching the carpet under the passenger seat to show it was wet.  The transcript indicates Santiago said the following in the video:

> I did find a very soaked right rear carpet.  And . . . [an] open bottle of water in the back seat.  (Indiscernible) it's submerged into your audio amplifier module and your IMC (sic).   . . .   In return[,] you had no communication to your audio amplifier module . . . . .
>
>  . . . We did find the water in your back seat.  I did perform a water leak test to verify that it wasn't coming from your windshield.[3]

---

[2]  Plaintiff included copies of eight photographs in her appendix.  Because the copies do not indicate they were admitted as evidence, it is not clear if they are copies of the photographs Santiago discussed at trial.  Also, the poor quality of the copies makes it difficult to determine what is depicted therein.

[3]  Although the video was played at trial, a copy was not provided to this court.

Santiago explained the water leak test involved soapy water sprayed on the outside seams of the vehicle's windows. The mechanic then directed compressed air at the windows from inside the vehicle to verify there is no leak. Santiago testified he performed the water leak test on all the windows in plaintiff's vehicle. In addition, he left the vehicle outside in the rain over multiple days and no water leakage was detected.

On cross-examination, Santiago testified he saw water, but no corrosion inside the module. He testified water damage to the radio components would not be visible. Santiago conceded he did not record in the video the open water bottle he found under the passenger seat or the aftermarket shade in the side window. He testified he moved the water bottle from under the front passenger seat to the driver's seat when he dismantled the passenger seat. After Santiago's inspection, plaintiff was informed the repairs were not covered by the warranty.[4]

Hartung testified the cost of repairing plaintiff's radio under the warranty would have been covered by the vehicle manufacturer, not the dealership. Thus, defendants had no financial incentive to deny coverage under the warranty.

---

[4] Plaintiff did not produce a copy of the warranty at trial. Defendants, however, conceded the radio malfunction would have been covered by the warranty had the cause not been an outside source.

A-3804-23

However, Hartung testified authorizing warranty repair of a radio malfunction caused by an outside source would constitute warranty fraud.

At trial, plaintiff acknowledged she left two water bottles in the back seat of the vehicle. However, she testified it was impossible for one of those bottles to have traveled underneath the front passenger seat because a hump housing the vehicle's drivetrain ran down the center of the interior of the vehicle. Plaintiff offered no evidence of what it would cost to repair the radio. In addition, although the complaint alleged the vehicle's radio stopped working entirely after Santiago's inspection, plaintiff introduced no evidence to support that allegation at trial.

After the conclusion of trial, the court issued an oral decision dismissing the claims against Hartung because plaintiff produced no evidence he acted in his personal capacity with respect to the denial of her warranty claim. In addition, the court found Santiago's testimony credible and concluded plaintiff had not established the dealership breached the warranty. The court did not enter a judgment memorializing its decision. This appeal followed.

Because the trial court did not enter a judgment, plaintiff's appeal suffers from a jurisdictional defect. Appeals can be taken only from judgments or orders and not from oral decisions. Hayes v. Delamotte, 231 N.J. 373, 387

6

(2018); Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2.2.1 on <u>R.</u> 2:2-3 (2026).  In a September 19, 2024 order, we elected to overlook the technical defect and decide the appeal.  <u>See</u> <u>In re Berkeley</u>, 311 N.J. Super. 99, 101 (App. Div. 1998).

Plaintiff raises the following arguments.

> POINT I
>
> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF/DEFENDANT (SIC).
>
> POINT II
>
> DEFENDANTS/RESPONDENTS DID NOT PROVIDE EVIDENCE SUPPORTING DENIAL OF PLAINTIFF/APPELLANT'S WARRANTY.
>
> POINT III
>
> THE TRIAL COURT'S FAILURE TO ISSUE A WRITTEN OPINION VIOLATES ESTABLISHED PROCEDURAL STANDARDS AND UNDERMINES APPELLATE REVIEW.

II.

The majority of plaintiff's brief is dedicated to her argument the trial court erred when it granted summary judgment to defendants despite the existence of disputed issues of material fact.  Plaintiff argues her claims should have been resolved at a trial.

A-3804-23

The trial court, however, did not grant summary judgment to defendants. It instead held a trial on plaintiff's claims. Plaintiff testified, had the opportunity to call witnesses and introduce evidence, and cross-examined defendant's witnesses. The trial court thereafter made findings of fact and concluded plaintiff did not prove her breach of warranty claims. Plaintiff's summary judgment arguments are, therefore, predicated on an incorrect rendition of what transpired in the trial court. We, therefore, decline plaintiff's invitation to apply the summary judgment standard of review to the trial court's decision.

Our review of the court's findings after a nonjury trial is limited. We must defer to the court's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). After a non-jury trial, "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, our function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

A-3804-23

We have reviewed the record and find sufficient support for the trial court's conclusion that plaintiff failed to establish by a preponderance of the evidence defendants breached the warranty on her vehicle. Plaintiff offered no evidence to counter Santiago's testimony that upon inspection of plaintiff's vehicle he discovered an open, half-empty water bottle under the passenger seat, wet carpeting in that location, and water in the module containing the radio components. Nor did she offer evidence countering his testimony the presence of water in the module caused the radio to malfunction. Plaintiff's only evidence was her testimony claiming a water bottle could not travel from the driver's side of the vehicle to the passenger's side of the vehicle because of the drivetrain hump. Defendants, however, did not purport to explain how the open, half-empty water bottle wound up under the passenger seat. Their only claim was the bottle was discovered there along with a wet carpet and water in the module containing radio components, which caused them to malfunction. The trial court accepted Santiago's testimony as credible, thereby negating plaintiff's breach of warranty claims.[5]

---

[5] Plaintiff's brief argues that "[w]ithin weeks of taking delivery of the vehicle" she noticed several defects, including radio malfunctions, horn malfunctions, and a jamming door panel. The complaint, however, alleged only the radio malfunctioned and plaintiff's testimony referred only to a popping sound from

We are not persuaded by plaintiff's argument the dismissal of her claims must be reversed because the trial court did not issue a written decision. Rule 1:7-4(a) provides a trial court "shall, by an opinion or memorandum decision, either written <u>or oral</u>, find the facts and state its conclusions of law thereon in all actions tried without a jury." (Emphasis added). "[A]n articulation of reasons is essential to the fair resolution of a case." <u>Schwarz v. Schwarz</u>, 328 N.J. Super. 275, 282 (App. Div. 2000). Effective appellate review of a trial court's decision requires examination of the findings of fact and conclusions of law on which the court relied. <u>See</u> <u>Raspantini v. Arocho</u>, 364 N.J. Super. 528, 532 (App. Div. 2003). As noted above, the trial court provided a sufficient explanation of the basis for its decision. It accepted Santiago's testimony and found plaintiff did not prove by a preponderance of the evidence defendants breached the warranty on her vehicle.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

the radio she noticed in January 2024, several years after she purchased the vehicle. Plaintiff produced no evidence with respect to defects "manifesting shortly after purchase," as she suggested in her brief. In addition, the brief states plaintiff is in possession of videos, photographs, and correspondence relating to the radio malfunction. Plaintiff produced none of that evidence at trial.

A-3804-23